HARRISON G. O. MORRISON *versus* ARTHUR MCARTHUR.

Where a grantor covenants that he is seized in fee of an *undivided* portion of the premises conveyed, and partition had previously been made by order of court among the several owners, of which he was ignorant, he is liable on his covenants, although he conveys no more than his original proportion of the whole tract.

As to the measure of damages in such a case.

This is an action of covenant broken.

April 11, A. D. 1853, the defendant conveyed to the plaintiff, by deed of warranty in common form, one undivided eighteenth part of the eastern half of township numbered three, in the eighth range of townships, on the Sebois stream, in the county of Penobscot, covenanting with said plaintiff, his heirs and assigns, that he was lawfully seized in fee of the premises, that they were free from all incumbrances, that he had good right to sell and convey the same to said plaintiff, and that he and his heirs would warrant and defend the same to said plaintiff, &c., forever. Prior to said conveyance to said plaintiff, but subsequent to the time when said de-

fendant became possessed of one undivided eighteenth part of said half township, to wit: on the 26th day of February, 1849, twenty-five-thirty-sixths parts of said half township were set off by metes and bounds to Josiah Towle, Solomon Parsons and William H. Parsons, by decree of the court on their petition for partition. It was admitted that the plaintiff was ignorant of the aforesaid partition and set off, and that he supposed that when he received the defendant's deed he became seized of one undivided eighteenth part of the whole of said half township. The breach alleged is that the defendant was not seized of one undivided eighteenth part of said half township at the time of his deed to the plaintiff, and had no right to sell the same.

The defendant offered to prove, by the commissioners who made the aforesaid partition, that the land set off in said partition was a fair average of said half township, and that due notice was given to all interested. This testimony was objected to by the plaintiff's counsel and excluded by the court *pro forma.*

The case was then taken from the jury by consent of parties, who agreed that a default should be entered if the aforesaid testimony was properly excluded, otherwise to stand for trial; if a default is entered the court are to assess damages.

*Humphrey,* counsel for the plaintiff.

*Hilliard & Flagg,* counsel for the defendant.

CUTTING, J. The defendant, by his deed of April 11, 1853, conveyed to the plaintiff one undivided eighteenth part of the eastern half of township numbered three, in the eighth range of townships, on the Sebois stream, in the county of Penobscot; and therein covenanted that at the time, he was lawfully seized in fee of the premises. But it appears that prior to the deed, Josiah Towle and others, being owners in common and undivided of twenty-five-thirty-sixths parts of the same half township, had, by the statute process of partition, caused their proportion to be set off by metes and

bounds, to be held by them in severalty. Those proceedings, being final and conclusive as to the proprietors residing in this state, affected a severance of the common property, so that the defendant's interest attached only to the residue of the half township after the separation—increasing in proportion as it diminished in quantity. Thus, for instance, after deducting Towle and others' interest, there would be remaining eleven thirty-sixths parts in one body, which, as between the defendant and his remaining co-tenants, may be represented by the *integer* eleven, of which he would be entitled to two eleventh parts, and of so much only seized in fee at the date of his deed to the plaintiff. Consequently he was not seized of that portion set off to Towle and others, and there was a breach of covenant in that particular.

The testimony offered by the defendant and excluded by the ruling was immaterial. It was an attempt to show faithfulness on the part of the commissioners in the discharge of their duties, which the law will infer until the contrary has been made to appear. According to the agreement of the parties the defendant is to be defaulted, and the court are to assess the damages, which may be more or less, as the facts shall be disclosed at the hearing. It seems that the deed was made by the defendant in ignorance of the division. He manifestly intended to convey all his interest in the half township. If at the hearing he should tender a deed to that effect it might be worthy of consideration how far it should be received in reduction of damages.

*Defendant defaulted.*